# STATE OF MICHIGAN

# COURT OF APPEALS

In re B. M. DAVIS, Minor.

UNPUBLISHED
July 25, 2017

No. 335892
Macomb Circuit Court
Family Division
LC No. 2016-000184-NA

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court's order of adjudication pursuant to MCL 712A.2(b). We affirm.

The minor child, BD, was living with her mother at the time of removal. Respondent lived in Akron, Ohio and only saw BD when her mother would take her to visit. BD was removed from her mother's home following allegations of neglect and physical abuse. Specifically, the Department of Health and Human Services (DHHS) brought this case after BD's mother hit her in the arms with a studded belt. Additionally, DHHS found that the home BD was living in with her mother was in a "deplorable" condition. The allegations against respondent were that he did not provide physically, financially, or emotionally for BD, that he did not visit BD, that he had a history of substance abuse and domestic violence, and that he failed to protect BD. Along with the petition for adjudication, the DHHS sought termination of respondent's parental rights at the initial disposition. Following the adjudication trial, the trial court found statutory grounds to adjudicate respondent under MCL 712A.2b(1) and (2), found statutory grounds for termination of his parental rights under MCL 712A.19b(3)(j), but found that termination was not in BD's best interests. Respondent contends that the facts did not support the trial court's order of adjudication.[1]

Jurisdiction is established pursuant to MCL 712A.2(b). When the petition contains allegations of abuse or neglect against a parent, the trial court must find that the petitioner has proved by a preponderance of the evidence one or more statutory ground for the taking of jurisdiction under MCL 712A.2(b). *In re Kanjia*, 308 Mich App 660, 663-664; 866 NW2d 862

---

[1] We review the trial court's decision to exercise jurisdiction for clear error in light of its findings of fact. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004).

(2014); MCR 3.972(C)(1) and (E). In its order of adjudication, the trial court found the following statutory grounds to exercise jurisdiction: (1) "failure to provide, when able to do so, support, education, medical, surgical, or other necessary care for health or morals," and (2) "an unfit home environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent, adult, or other custodian." Specifically the trial court found as grounds for adjudication, respondent's failure to provide support and an unfit home environment by reason of criminality.

There was sufficient evidence that respondent failed to support BD. Although respondent claimed that child support in the amount of $73 was taken out of his monthly SSI payments, and that there was a court order for child support, he never produced any documentation to support this testimony. He testified that he did not know he was supposed to produce it, and that he would fax it to the court. However, the evidence showed that, before the adjudication trial, respondent was instructed several times to produce the documentation and was informed that without it the agency could not complete the interstate compact, which was necessary for respondent to receive services where he resided in Ohio. He was contacted by the first worker in May 2016, who advised him that she could not find any documentation in his county court concerning payments of child support and that he needed to provide documentation. The second worker testified that she asked for this information again in August 2016. At the trial, respondent testified that he received his SSI check once a month and that it showed money was taken out for child support. He further testified that he would produce it, but he returned to court and continued the trial without producing documentation. In addition, the child's mother testified that respondent did not pay child support, although she acknowledged that he did provide some school supplies and clothing from time to time. The lack of any documentation certainly supported the trial court's conclusion. Respondent essentially asked the court to rely on his testimony despite the lack of documentation. However, respondent's credibility was greatly weakened by the evidence that he lied to the workers about his criminal history and prior convictions.

Additionally, there was ample evidence that respondent had reason to know of BD's mother's criminal history and the effect it had on BD's home but that he did not seek to remove BD from that environment. Respondent claimed that he did not know about the mother's history of incarceration for child abuse of the child's older sibling. However, when the worker informed respondent that his child had been removed from the mother, respondent asked if the removal was related to "the stuff with [the sibling]," and then said that was a long time ago and should not have anything to do with things now. This testimony belies his claim of ignorance. Indeed, respondent took care of the abused sibling while her mother was incarcerated for that crime. Therefore, the fact that he never sought custody of BD and never questioned her situation while she was living with the mother was sufficient evidence of neglect.

We find that there was also sufficient evidence of respondent's own criminality.[2] In order for the trial court to assume jurisdiction on the basis of criminality, the DHHS does not

---

[2] Respondent argues that evidence of his own criminal history should not have been considered because the trial court had made statements that respondent contends suggested it would only

need to prove that the respondent was convicted of a crime but was required to "demonstrate by a preponderance of the evidence only that the respondent engaged in criminal behavior." *In re MU*, 264 Mich App 270, 279-280; 690 NW2d 495 (2004).

At trial, respondent admitted to an extensive criminal history, as recent as three years earlier, and the child's mother testified regarding incidents of domestic violence that occurred in the child's presence. Respondent admitted that he was charged with gross sexual force in 1980, was convicted of grand theft of a motor vehicle in 1984, was convicted of aggravated drug trafficking in 1991, and was convicted of domestic violence in 1992. Respondent denied that he was also convicted of domestic violence in 1993 or 2001 and claimed only one domestic violence conviction. However, the mother testified regarding various incidents of domestic violence. Respondent admitted to a conviction of possession of cocaine and carrying a concealed weapon in 2008, a conviction of tracking marijuana in April 2013, and convictions of attempted drug abuse and probation violation in August of 2013. Although he had not been accused of any criminal offenses since being released from probation two years before the trial, there was ample evidence based on respondent's admissions and the mother's testimony that the home, by reason of criminality, was an unfit place for the minor child to live. The trial court did not clearly err in entering an order of adjudication pursuant to MCL 712A.2(b)(1) and (2).[3]

Respondent also argues that the trial court erred in finding statutory grounds existed for termination of his parental rights under MCL 712A.19b(3)(j). However, because the trial court did not ultimately terminate respondent's parental rights, as it found that to do so would not have

consider the evidence of his criminal history in its determination of the child's best interests. The statements that respondent refers to were in response to an objection respondent made seeking to exclude evidence of his criminal convictions that occurred before BD's birth. In overruling this objection, the trial court stated that evidence of those convictions would be relevant to any best interest determination, but it did not specifically state that it would not consider them for adjudication purposes as well. Evidence of respondent's criminal history would also have been relevant to the adjudication issue because "criminality" is listed as a factor that can cause adjudication. MCL 712A.2(b)(2); *In re Mu*, 264 Mich App 270, 278-280; 690 NW2d 495 (2004). Evidence that is relevant may be admitted unless barred by some other rule. *In re Dearmon*, 303 Mich App 684, 696; 847 NW2d 514 (2014); MRE 401; MRE 402. See also MCR 3.972(C)(1). Respondent's admissions to criminal convictions were certainly relevant to the adjudication issue. Therefore, the trial court did not err in considering them for purposes of adjudication.

[3] We find that *In re Curry*, 113 Mich App 821; 318 NW2d 567 (1982), upon which respondent relies, is distinguishable from this case. In *Curry*, the issue was whether the probate court, under the "without proper custody or guardianship" language of MCL 712A.2(b)(1), could assume jurisdiction over minor children when the parents were incarcerated and had placed them in the custody of relatives and there had been no showing that the children's living environment was unfit or unwholesome. *Id.* at 823-824, 830. We determined that the "criminal status alone of these respondents is not a sufficient basis for the . . . assumption of jurisdiction." *Id.* at 830. "Some showing of unfitness of the custodial environment [is] necessary." *Id.* In this case, respondent was not adjudicated simply because of his past criminal status, the trial court made a specific finding on the unfitness of BD's custodial environment.

been in BD's best interests, respondent's claim of error on this issue is not ripe for review. "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained." *Huntington Woods v Detroit*, 279 Mich App 603, 615; 761 NW2d 127 (2008) (quotations and citation omitted). Because respondent's parental rights have not been terminated, he has not sustained an actual injury as a result of the trial court's finding. Should respondent demonstrate progress with services and eventually regain custody of BD then he will not have suffered any injury as a result of the trial court's actions. *Id.* at 615-616 ("A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (Quotations and citation omitted).

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro